UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN NIEMIEC,

        Petitioner,        Case Number: 2:13-CV-10180

  v.        HON. GEORGE CARAM STEEH

SHERRY BURT,

        Respondent.
                                        /

**OPINION AND ORDER GRANTING PETITIONER'S MOTION
TO AMEND/SUPPLEMENT; DENYING MOTION FOR
IMMEDIATE CONSIDERATION AND RELEASE ON BOND; AND
DENYING MOTION FOR APPOINTMENT OF COUNSEL**

     Petitioner John Niemiec, a state prisoner confined at the Muskegon Correctional Facility in Muskegon, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and an application to proceed in forma pauperis. The Court determined that Petitioner's certificate of prisoner institutional/trust fund account activity showed he had sufficient funds to pay the $5 filing fee and dismissed the petition without prejudice. The Court also dismissed without prejudice Petitioner's Motion for Release on Bond Pending Appeal. Petitioner subsequently provided proof that the Michigan Department of Corrections issued two separate $5 checks, which, for reasons unknown, the Court did not receive. The Court reopened the proceedings.

     On April 29, 2013, Petitioner filed a Motion to Amend/Supplement Petitioner's Motion for Bond Pending Appeal and an attached supplemental motion, entitled Motion for Immediate Consideration – Petitioner's Request to Remain Free on Bond Pending

-1-

His Petition for Writ of Habeas Corpus. The Court grants Petitioner's request to supplement his first motion for release on bond. The Motion for Immediate Consideration seeks release on bond pending a decision on the merits of his habeas petition. To receive bond, a habeas petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. Where the court finds no substantial claim that the petitioner is confined in violation of the Constitution, it need not reach the issue of whether exceptional circumstances exist which deserve special treatment in the interest of justice. *Id.* Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). Petitioner's motion fails to establish the existence of any extraordinary and exceptional circumstances which merit release on bond. Therefore, the Court denies the motion.

On May 13, 2013, Petitioner filed a Motion for Appointment of Counsel. Petitioner has no absolute right to be represented by counsel on federal habeas corpus review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v.*

*Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987).  A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  The Court determines that the interests of justice do not require appointment of counsel.

Accordingly, the Court **GRANTS** Petitioner's "Motion to Amend/Supplement Petitioner's Motion for Release on Bond Pending Appeal" [dkt. # 17].  The Court **DENIES** Petitioner's "Motion for Immediate Consideration – Petitioner's Request to Remain Free on Bond Pending His Petition for Writ of Habeas Corpus" [dkt. # 18], and Petitioner's "Motion for Appointment of Counsel" [dkt. # 19].

**SO ORDERED**.

Dated:  July 8, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 8, 2013, by electronic and/or ordinary mail and also on John Niemiec #523576, Muskegon Correctional Facility 2400 S. Sheridan, Muskegon, MI 49442.

s/Barbara Radke
Deputy Clerk