UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN NIEMIEC,

        Petitioner,         Case Number: 2:13-CV-10180

    v.         HON. GEORGE CARAM STEEH

SHERRY BURT,

        Respondent.
_____/

## OPINION AND ORDER

### (1) DENYING PETITIONER'S MOTION FOR EMERGENCY HEARING, MOTION FOR PARTIAL SUMMARY JUDGMENT, AND MOTION FOR IMMEDIATE CONSIDERATION;

### (2) DENYING IN PART AND GRANTING IN PART PETITIONER'S MOTION FOR IMMEDIATE RELEASE AND MOTION TO AMEND MOTION FOR IMMEDIATE CONSIDERATION; AND

### (3) GRANTING PETITIONER'S MOTION TO SUPPLEMENT

This is a habeas case filed under 28 U.S.C. § 2254. Petitioner John Niemiec challenges his convictions for three counts of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct. Before the Court are Petitioner's Motion for Emergency Hearing, Motion for Partial Summary Judgment, Motion for Immediate Consideration, Motion for Immediate Release/Motion to Amend Motion for Immediate Consideration, and Motion to Supplement.

First, Petitioner seeks an "Emergency Hearing" because he "raises 41 constitutional claims with this Court, any of which could establish that Petitioner is being

illegally detained." Motion for Emergency Hearing at 1. The motion fails to identify the nature of the hearing sought, the subject of the hearing, or whether any evidence would be adduced. Having conducted a preliminary review of this case, the Court finds no need for a hearing. Respondent has submitted the transcripts and documents relevant to the adjudication of the petition as mandated by Rule 5 of the Rules Governing Section 2254 Cases, and it appears that Petitioner's habeas claims can be decided based upon the existing record before the court. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Moreover, the United States Supreme Court has made clear that federal habeas review under 28 U.S.C. §2254(d) is "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, — U.S. —, 131 S. Ct. 1388, 1398 (2011). Consequently, Petitioner is precluded from introducing into the habeas proceeding information that was not presented to the state courts. *See, e.g., Hanna v. Ishee*, 694 F.3d 596, 606 (6th Cir. 2012) (stating that even if a court conducted an evidentiary hearing on a claim adjudicated by the state court, it would have to "disregard newly obtained evidence"). The motion will be denied.

Second, Petitioner has filed a "Motion for Partial Summary Judgment." He argues that four of the arguments advanced in his habeas petition, those concerning hearsay evidence, sufficiency of the evidence, the statute of limitations, and ineffective assistance of counsel, entitle him to habeas relief as a matter of law. A motion for summary judgment under Fed. R. Civ. P. 56 presumes the absence of a genuine issue of material fact for trial. The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  The "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (internal quotes omitted).

A fact is "material" if its resolution affects the outcome of the lawsuit.  *Lenning v. Commercial Union Ins. Co.*, 260 F.3d 574, 581 (6th Cir. 2001).  "Materiality" is determined by the substantive law claim.  *Boyd v. Baeppler*, 215 F.3d 594, 599 (6th Cir. 2000).  An issue is "genuine" if a "reasonable jury could return a verdict for the nonmoving party." *Henson v. Nat'l Aeronautics & Space Admin.*, 14 F.3d 1143, 1148 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 248).  Irrelevant or unnecessary factual disputes do not create genuine issues of material fact.  *St. Francis Health Care Centre v. Shalala*, 205 F.3d 937, 943 (6th Cir. 2000).  A factual dispute which "is merely colorable or is not significantly probative" will not defeat a motion for summary judgment which is properly supported.  *Kraft v. United States*, 991 F.2d 292, 296 (6th Cir. 1993).

The party bringing the summary judgment motion has the initial burden of informing the district court of the basis for its motion and identifying portions of the record which demonstrate the absence of a genuine dispute over material facts.  *Mt. Lebanon Personal Care Home, Inc. v. Hoover Univ., Inc.*, 276 F.3d 845, 848 (6th Cir. 2002).  The party opposing the motion then may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion.  *Street v. J.C. Bradford &*

*Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252. If the non-moving party, after sufficient opportunity for discovery, is unable to meet his or her burden of proof, summary judgment is clearly proper. *Celotex Corp.*, 477 U.S. at 322-23.

In this case, Petitioner has failed to satisfy the burden of identifying portions of the record which demonstrate the absence of a genuine dispute over material facts. *Mt. Lebanon Personal Care Home*, 276 F.3d at 848. Respondent's answer challenges the claims raised in the petition and shows sufficient disagreement based upon case law and sound legal reasoning that summary judgment is not appropriate. Thus, the Court shall deny this motion.

Next, Petitioner filed a "Motion for Immediate Consideration." The Court endeavors to adjudicate all matters, including habeas corpus petitions, in as timely a manner as justice requires and the Court's pending caseload allows. The Court will address the merits of the petition as expeditiously as possible. Thus, the Court will deny the motion as unnecessary.

Also before the Court is Petitioner's "Motion for Immediate Release from Custody/Motion to Amend Docket Entry #33." The Court grants Petitioner's request to amend his motion for immediate consideration to include additional arguments. In the remainder of his motion, Petitioner seeks immediate release from custody. To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the

existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964). "There will be few occasions where a prisoner will meet this standard." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). Where the court finds no substantial claim that the petitioner is confined in violation of the Constitution, it need not reach the issue of whether exceptional circumstances exist which deserve special treatment in the interest of justice. *Id.* Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). Petitioner's motion fails to establish the existence of any extraordinary and exceptional circumstances which merit release on bond. Therefore, the Court denies his request for immediate release. The Court grants Petitioner's request to amend his motion requesting immediate release.

Finally, Petitioner seeks to supplement his habeas petition with additional supporting arguments and case law. This motion was filed after Respondent already filed a responsive pleading. Section 2242 of Title 28 provides that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. The applicable civil rule, Federal Rule of Civil Procedure 15(a), states that amendment may be added by leave of court and that the court "should freely give leave when justice so requires." The Court finds that amendment of the petition to include additional argument in support of claims already raised in the petition will not prejudice Respondent and would be in furtherance of justice. The Court grants the request.

Accordingly, the Court **DENIES** Petitioner's "Motion for Emergency Hearing" [dkt. #30], "Motion for Partial Summary Judgment" [dkt. # 31]; and "Motion for Immediate Consideration" [dkt. # 33].

The Court **DENIES IN PART AND GRANTS IN PART** Petitioner's "Motion for Immediate Release from Custody/Motion to Amend Docket Entry #33" [dkt. # 35]. The Court **DENIES** Petitioner's request for immediate release and **GRANTS** Petitioner's request to amend his Motion for Immediate Consideration.

The Court **GRANTS** Petitioner's "Motion to Supplement Habeas Corpus Petition" [dkt. # 34].

**SO ORDERED**.

Dated: August 15, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 15, 2014, by electronic and/or ordinary mail and also on John Niemiec #523576, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442.

s/Barbara Radke
Deputy Clerk