UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN NIEMIEC,

                Petitioner,                    Case Number: 2:13-CV-10180

v.                                          HON. GEORGE CARAM STEEH

SHERRY BURT,

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITIONER'S "MOTION TO ALTER OR
AMEND A JUDGMENT OR FOR REHEARING OR RECONSIDERATION"
AND MOTION TO CONDUCT AN EVIDENTIARY HEARING**

This is a habeas case filed under 28 U.S.C. § 2254.  Petitioner John Niemiec

challenges his convictions for three counts of first-degree criminal sexual conduct and

two counts of second-degree criminal sexual conduct.  Before the Court are Petitioner's

Motion to Alter or Amend a Judgment or for Rehearing or Reconsideration and Motion

to Conduct an Evidentiary Hearing in Support of Motion for Reconsideration.

Petitioner seeks rehearing or reconsideration of the Court's denial of his Motion

for Partial Summary Judgment and Request for Immediate Release from Custody.

Motions for rehearing or reconsideration may be granted when the moving party shows

(1) a "palpable defect," (2) by which the court and the parties were misled, and (3) the

correction of which will result in a different disposition of the case.  E.D. Mich. L.R.

7.1(h)(3).  A "palpable defect" is a "defect which is obvious, clear, unmistakable,

manifest or plain."  *Olson v. The Home Depot*, 321 F. Supp. 2d 872, 874 (E.D. Mich.

2004).

Petitioner's motion expresses disagreement with the Court's denial of his motions, but fails to offer any grounds for a finding that the Court's decision was the result of a palpable defect.  A motion that simply reasserts arguments already denied by the Court fails to allege sufficient grounds upon which to grant reconsideration.  L.R. 7.1(h)(3); *see also Graham ex rel. Estate of Graham v. County of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (affirming district court's denial of motion for reconsideration where motion "merely raised arguments that were already ruled upon").

Additionally, to the extent that Petitioner seeks relief under Fed. R. Civ. P. 59(e), he is also not entitled to relief.  Motions to alter or amend a judgment, filed pursuant to Fed. R. Civ. P. 59(e), are "entrusted to the court's sound discretion."  *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996) (*citing Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)).  Rule 59(e) motions are generally granted when one of the following circumstances arises:

> (1) an intervening change in the controlling law; (2) evidence not previously available has become available; or  (3) necessity to correct a clear error of law or prevent manifest injustice.

*Nagle Industries, Inc. v . Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (*citing Keweenaw Bay*, 940 F. Supp. at 1141).  "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" *Id.*, *(quoting Keweenaw Bay*, 904 F. Supp. at 1141).

None of the arguments set forth by Petitioner in support of his motion satisfy the

standards under which Rule 59(e) motions may be granted.  He simply reasserts arguments already considered and denied by the Court.

Petitioner also seeks an evidentiary hearing in support of his motion for reconsideration.  He appears to seek an evidentiary hearing to elicit testimony regarding his hearsay-related habeas claim.  Petitioner already moved for and the Court denied an evidentiary hearing.  The Court found that Petitioner's habeas claims can be decided based upon the existing record before the Court.  That remains the case.  Similarly, an evidentiary hearing is not required to adjudicate Petitioner's motion to alter or amend.

Accordingly, the Court **DENIES** Petitioner's "Motion to Alter or Amend a Judgment or for Rehearing or Reconsideration" [dkt. #38] and "Motion to Conduct an Evidentiary Hearing in Support of Motion for Reconsideration" [dkt. # 37].

**SO ORDERED**.

Dated:  March 2, 2015

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 2, 2015, by electronic and/or ordinary mail and also on John Niemiec #523576, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442.

s/Barbara Radke
Deputy Clerk

-3-