UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN DAVID NIEMIEC,

        Petitioner,        Case Number: 2:13-CV-10180
                                       HON. GEORGE CARAM STEEH

v.

SHERRY BURT,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION
TO ALTER OR AMEND JUDGMENT AND MOTION FOR NEW TRIAL**

Petitioner John Niemiec filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court denied the petition on February 11, 2016 (ECF No. 41). Now before the Court are Petitioner's Rule 59(e) Motion to Alter and Amend (ECF No. 43) and Motion for New Trial (ECF No. 44).

The disposition of a motion filed under Rule 59(e) is "entrusted to the court's sound discretion." *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1140 (W.D. Mich. 1996), citing *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). Generally, a court may grant a Rule 59(e) motion in one of three situations: (1) to

-1-

correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in controlling law; or (4) to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). However, a motion filed under 59(e) "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008), quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 pp. 127-128 (2d ed. 1995). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly." *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644, 669 (N.D. Ohio 1995).

Petitioner raised twenty claims for relief in his petition. He argues that the Court erred in its disposition of one of those claims, that the prosecutor committed misconduct by improperly defining the law in opening and closing arguments. He claims that the Court acknowledged that the prosecutor committed misconduct in this regard, but then failed to further address the issue or provide relief on that basis. Petitioner's motion at 3, ECF No. 43, Pg. ID 3454. Contrary to Petitioner's assertion, the Court did not find that the prosecutor committed misconduct. The Court considered

and denied all of Petitioner's prosecutorial misconduct claims. Nothing in Petitioner's motion establishes that the Court's decision was in error. Thus Petitioner is not entitled to relief under Rule 59(e).

Also before the Court is Petitioner's Motion for a New Trial, filed under 59(a) and (d). Rule 59 is inapplicable because it sets forth the grounds for granting a new trial after a trial is held in the district court – a circumstance not implicated here because no trial was held.

Accordingly, Petitioner's Motion to Alter or Amend Judgment (ECF No. 43) and Motion for New Trial (ECF No. 44) are DENIED.

SO ORDERED.

Dated:  February 23, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 23, 2017, by electronic and/or ordinary mail and also on John Niemiec, 32038 Williamsburg Dr., St. Clair Shores, MI 48082

s/Barbara Radke
Deputy Clerk